DECISION AND JOURNAL ENTRY
Defendant Richard Paul Hoff has appealed from an order of the Summit County Common Pleas Court that designated him a sexual predator. This Court affirms.
 I.
On November 28, 1988, Defendant was indicted by the Summit County Grand Jury on one count of murder, one count of involuntary manslaughter, one count of felonious assault, one count of felonious sexual penetration, and one count of endangering children. At his arraignment, Defendant entered pleas of not guilty and not guilty by reason of insanity. The indictment was later amended to include an additional count of felonious sexual penetration.
On May 4, 1989, Defendant entered a plea of no contest to one count of murder, a violation of R.C. 2903.02, and one count of felonious sexual penetration, a violation of R.C. 2907.12(A)(3). The remaining counts in the indictment were dismissed. The trial court found Defendant guilty and sentenced him accordingly.
On April 12, 1999, the trial court held a hearing pursuant to R.C. 2950.09 to determine whether Defendant should be classified as a sexual predator. After the hearing, the trial court determined by clear and convincing evidence that Defendant should be classified as a sexual predator. Defendant timely appealed, asserting five assignments of error.
 II. A.
The trial court erred in finding [Defendant] to be a sexual predator as there was [insufficient] evidence to support such a finding and such a finding was against the manifest weight of the evidence.
In his first assignment of error, Defendant has essentially asserted two separate arguments. First, he has asserted that there was insufficient evidence to support the trial court's determination that he is a sexual predator. Second, he has asserted that the trial court's determination that he is a sexual predator was against the manifest weight of the evidence. This Court disagrees with both arguments.
To determine whether the evidence before a trial court was sufficient to sustain a conviction, an appellate court must view that evidence in a light most favorable to the prosecution:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus; see, also, State v. Thompkins (1997), 78 Ohio St.3d 380,386 ("`[S]ufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law").
While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion. State v. Thompkins (1997), 78 Ohio St.3d 380,390 (Cook, J., concurring). In making this determination, this Court does not view the evidence in the light most favorable to the prosecution. Instead, this Court must:
 review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. A new trial is warranted only in the exceptional case where the evidence weighs heavily in favor of the defendant. Id. at 340. "Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency."State v. Roberts (Sept. 17, 1997), Lorain App. No. 96CA006462, unreported, at 4.
R.C. 2950.01(E) defines a sexual predator as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Pursuant to R.C. 2950.01(G)(3), an offender is "adjudicated as being a sexual predator" if:
 [p]rior to January 1, 1997, the offender was convicted of or pleaded guilty to, and was sentenced for, a sexually oriented offense, the offender is imprisoned in a state correctional institution on or after January 1, 1997, and, prior to the offender's release from imprisonment, the court determines pursuant to division (C) of section 2950.09 of the Revised Code that the offender is a sexual predator.
Because Defendant was sentenced prior to the effective date of this section and remained imprisoned after the effective date of this section, the trial court was required to proceed under division (C) of R.C. 2950.09.
R.C. 2950.09(C)(1) requires the department of rehabilitation and correction to determine whether to recommend that an offender be adjudicated to be a sexual predator and to submit that recommendation to the trial court that sentenced the offender. R.C. 2950.09(C)(2) authorizes the trial court to hold a hearing as described in R.C. 2950.09(B)(1) to determine whether the offender is a sexual predator.
The factors that a trial court must consider when making its sexual predator determination include: (1) the offender's age; (2) the offender's prior criminal record; (3) the age of the victim; (4) whether the sexually oriented offense for which sentence was imposed involved multiple victims; (5) whether the offender used drugs or alcohol to impair the victim or to prevent the victim from resisting; (6) whether the offender has completed his sentence for any prior criminal conviction or, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders; (7) any mental illness or mental disability of the offender; (8) the nature of the offender's conduct and whether that conduct was part of a demonstrated pattern of abuse; (9) whether the offender displayed cruelty or made one or more threats of cruelty during the commission of the crime; and (10) any additional behavioral characteristics that contributed to the offender's conduct. See R.C. 2950.09(B)(2). The State is not, however, required to demonstrate every factor in R.C.2950.09(B)(2) before a defendant can be adjudicated a sexual predator. State v. Smith (June 2, 1999), Summit App. No. 18622, unreported, at 5. Defendant was convicted of felonious sexual penetration, which is a sexually oriented offense. R.C.2907.12(A)(3). The only issue, therefore, is whether there was clear and convincing evidence that Defendant was likely to engage in the future in a sexually oriented offense.
The State entered several exhibits into evidence. First, the State entered the autopsy report. The victim in this case, Defendant's daughter, Tiffany Hoff, was only seven weeks old at the time of her death. The report indicated that Tiffany was not only the victim of recent trauma, but also had signs of remote physical abuse. The autopsy report concluded that Tiffany's death was caused by cardiovascular collapse due to hypovolemic shock as a result of multiple traumatic injuries. Tiffany sustained traumatic injuries to her liver, spleen, distal esophagus, stomach, duodenum, pancreas, small and large bowels, and region of the anus and distal rectum.
The State also submitted the transcribed statements made by Defendant and his wife to members of the Cuyahoga Falls Police Department. Defendant and his wife told the police officer that no one other than each other had ever been in charge of watching Tiffany. Additionally, both stated that on the night of the incident, Defendant was alone with Tiffany. Defendant made several statements to the officers and his story varied in each statement. The gist of his multiple statements, however, was that Tiffany was lying on the floor in the living room when the family dog, a Doberman Pincher, was startled and somehow ran into the child causing her to fall into the computer desk. At some point later that evening, Tiffany stopped breathing and Defendant hit her in the stomach three times to startle her into breathing. He stated that he was unaware of how the damage to her rectum and vaginal area occurred. He stated that it had to have occurred from bouncing Tiffany on his knee.
At the hearing, Defendant testified in his own behalf. He testified that, prior to his no contest plea, he had no prior criminal history. At the time of the incident, he was an alcoholic. During his period of incarceration, Defendant has obtained a bachelor's degree in computer science. Also, during his incarceration he was never classified in any sexual category or required to participate in any sexual counseling.
Defendant admitted that he lost control of himself due to alcohol and caused his daughter's death; however, he asserted that he did not engage in any sexual contact or conduct with his child. Defendant, in essence, testified that his daughter's injuries were caused by his abuse of a thermometer. He testified that she felt cold to the touch, so he tried to take her temperature.
After reviewing the evidence, this Court cannot conclude that the trial court clearly lost its way and created a manifest miscarriage of justice. As a result, this Court also concludes that sufficient evidence was presented to lead a reasonable trier of fact to conclude by clear and convincing evidence that Defendant is a sexual predator. The victim in this case was the Defendant's daughter and was only seven weeks old. As this Court previously noted in State v. Maynard (Mar. 31, 1999), Lorain App. No. 97CA006908, unreported, there is,
 [O]verwhelming statistical evidence supporting the high potential of recidivism among sex offenders whose crimes involve the exploitation of young children. The age of the victim is probative because it serves as a telling indicator of the depths of offender's inability to refrain from such illegal conduct. The sexual molestation of young children, aside from its categorization as criminal conduct in every civilized society with a cognizable criminal code, is widely viewed as one of the most, if not the most, reprehensible crimes in our society. Any offender disregarding this universal legal and moral reprobation demonstrates such a lack of restraint that the risk of recidivism must be viewed as considerable.
Id. at 9, quoting State v. Daniels (Feb. 24, 1998), Franklin App. No. 97APA06-830, unreported, 1998 Ohio App. LEXIS 801, at *9. Further, the victim in this case died as a result of the injuries inflicted by Defendant. The trial court could reasonably conclude from the evidence that Defendant was likely to engage in the future in one or more sexually oriented offenses. Accordingly, the trial court did not err by adjudicating Defendant a sexual predator. Defendant's first assignment of error is overruled.
 B.
Ohio's sexual predator law violates Section 1, Article 1
of the Ohio Constitution.
In his second assignment of error, Defendant has asserted that R.C. Chapter 2950 violates Section 1, Article I of the Ohio Constitution. In support of his assertion that the sexual predator legislation is unconstitutional pursuant to Section 1, Article I of the Ohio Constitution, he has relied on State v. Williams (Jan. 29, 1999), Lake App. No. 97-L-191, unreported, 1999 Ohio App. LEXIS 217, discretionary appeal granted (1999), 86 Ohio St.3d 1406. In Williams, the Eleventh District Court of Appeals held that R.C. Chapter 2950 violated Section 1 Article I of the Ohio Constitution.Id. at *32.
This Court, however, has previously declined to followWilliams. State v. Criss (Jan. 12, 2000), Summit App. No. 19298, unreported, at 12. In Criss, this Court concluded that R.C. Chapter 2950 constitutes a valid use of the state's police power and, therefore, does not violate Section 1, Article I of the Ohio Constitution. Id. Accordingly, Defendant's second assignment of error is overruled.
 C.
The trial court erred as a matter of law and violated [Defendant's] right against double jeopardy in sentencing him as a sexual predator subject to community notification after the execution of his prison sentence, this violating [Defendant's] Fifth Amendment Rights under the United States and Ohio Constitutions.
In his third assignment of error, Defendant has argued that the application of the registration and notification requirements of R.C. 2950.09 to defendants convicted prior to its enactment creates additional or multiple punishments for individuals who have already once been in jeopardy. This Court has previously held that R.C. 2950.09 does not constitute punishment. State v. Nuckols (Aug. 26, 1998), Wayne App. No. 97CA0076, unreported, at 17. R.C. 2950.09, therefore, does not violate the Double Jeopardy Clauses of either the United States Constitution or the Ohio Constitution, nor does it violate R.C. 2943.09. State v.Lowe (Mar. 31, 1999), Summit App. No. 18793, unreported, at 3. Accordingly, Defendant's third assignment of error is overruled.
 D.
The trial court erred as a matter of Law and violated [Defendant's] right against Ex Post Facto laws by sentencing him pursuant to R.C. 2950 eleven years after the acts giving rise to his original prosecution.
In his fourth assignment of error, Defendant has argued that the registration and notification provisions of R.C. 2950.09, as applied to those who were convicted of sexually oriented offenses prior to the enactment of the statute, affect substantive rights and constitute additional punishment for past transgressions. Defendant, therefore, has argued that the statute violates both constitutional provisions against the passage of retroactive and ex post facto laws. This Court has previously held that R.C. 2950.09(C) does not violate the Retroactivity Clause of Section 28, Article II of the Ohio Constitution or the Ex Post Facto Clause of Section 10, Article I of the United States Constitution. State v.DeAngelo (Mar. 10, 1999), Lorain App. No. 97CA006902, unreported, at 2. Accordingly, defendant's fourth assignment of error is overruled.
 E.
The trial court violated Criminal Rule 11(B)(2) and Evidence Rule 410 when it permitted [Defendant's] no contest plea to be used against [him] at the sexual predator determination hearing.
In his fifth assignment of error, Defendant has contended that the trial court erred by allowing his no contest pleas to be used against him at his sexual predator determination hearing. He has asserted that the trial court could not have classified him as a sexual predator without the evidence of his no contest plea. Defendant's argument is without merit.
Despite Defendant's contentions, the trial court did not use Defendant's no contest plea against him at the sexual predator hearing. The trial court made the following reference to Defendant's no contest plea:
 The classification as a sexual predator statute (sic) indicates that if a person is convicted of or pleads guilty to committing a sexually oriented offense, so it's in the alternative. The key word here is if they are convicted.
 Entering a no contest plea, the court found the defendant guilty, so he has been convicted and served a period of time in prison. So whether or not he entered a no contest plea or a guilty plea is of no import under section (a) of the statute. He is still convicted.
Therefore, the trial court did not use Defendant's no contest plea against him. Accordingly, Defendant's sixth assignment of error is overruled.
 III.
Defendant's assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant. Exceptions.
 _____________________________ BETH WHITMORE, FOR THE COURT.
BATCHELDER, P.J. and BAIRD, J. CONCUR.